**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------

| | | |
|---|---|---|
| SUZANNE FELIX | : | |
| 21 Linden Drive | : | CIVIL ACTION NO.: |
| Elkins Park, PA 19027 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| COMMUNITY COLLEGE OF | : | |
| PHILADELPHIA | : | |
| 1700 Spring Garden Street | : | |
| Philadelphia, PA 19130 | : | |
| Defendant. | : | |

---------------------------------------------

**COMPLAINT – CIVIL ACTION**

Plaintiff, Suzanne Felix ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Community College of Philadelphia ("Defendant"), alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this Complaint contending Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* with respect to discrimination on the basis of her disabilities and in retaliation for her requests for reasonable accommodations in connection thereto.

2.      Plaintiff further brings this Amended Complaint contending that Defendant interfered with the exercise of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.,* and retaliated against Plaintiff for exercising and/or attempting to exercise her rights under the same.

**PARTIES**

1

3.	Plaintiff, Suzanne Felix, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 21 Linden Street Elkins Park, PA 19027.

4.	Upon information and belief, Defendant, Community College of Philadelphia, is a non-profit company organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business located at 1700 Spring Garden Street Philadelphia, PA 19130.

## JURISDICTION AND VENUE.

5.	The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

6.	On or about July 17, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (c). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-06066.  Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7.	By correspondence dated May 6, 2026, Plaintiff received a Notice of Rights to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendant.

8.	Plaintiff filed the instant action within the statutory time frame applicable to her claims.

9.	Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

10. This is an action authorized pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*,; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

13. The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

14. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

15. Plaintiff began her employment with Defendant in or about August 2001 in Defendant's Adult Basic and Literacy Education department before ultimately being promoted to the position of City College for Municipal Employment ("CCME") Associate Director on or about October 21, 2024, where she worked under Dr. Patience Laehrman.

16. At all times material hereto, Plaintiff performed her job well and received no justifiable discipline.

17. By way of further background, Plaintiff suffers from major depressive disorder and anxiety, which constitute disabilities within the meaning of the ADA and PHRA in that they substantially limit one or more major life activities.

3

18.    Plaintiff's major depressive disorder and anxiety also constitute serious health conditions within the meaning of the FMLA.

19.    In or about December 2024, Dr. Lehrman met with Plaintiff and identified alleged areas of concern regarding her performance.

20.    Specifically, Dr. Lehrman alleged that the pace of Plaintiff's work was unsatisfactory and that she was not as "lively" as she would like Plaintiff to be while leading student orientations.

21.    In or about January 2025, Plaintiff requested leave under the Family and Medical Leave Act ("FMLA") as a reasonable accommodation pursuant to her disabilities for the period of January 30, 2025, through April 3, 2025.

22.    Defendant provided Plaintiff with the requisite FMLA paperwork on or about January 22, 2025, which Plaintiff promptly completed with her doctors.

23.    Plaintiff submitted the completed paperwork to Defendant's Benefits Administrator Mark Frese on or about January 27, 2025.

24.    On or about January 29, 2025, Mr. Frese informed Plaintiff that her request had been approved.

25.    That same day, Defendant's Vice President Dr. David Thomas scheduled a meeting with Plaintiff for that afternoon to discuss her performance.

26.    Notably, Dr. Lehrman was not present at this meeting.

27.    At the conclusion of the meeting, Dr. Thomas informed Plaintiff that her employment was terminated based on alleged performance issues.

28.    It is believed and therefore averred that Defendant discriminated against Plaintiff by unlawfully terminating her employment on the basis of her disabilities and in retaliation for her

requests for reasonable accommodations in connection with the same, in violation of the ADA and PHRA.

29.    It is further believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for exercising and/or attempting to exercise her rights under the FMLA.

30.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION, FAILURE TO ACCOMMODATE, & RETALIATION**

31.    The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

32.    At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

33.    At all times relevant hereto, Defendant had at least fifteen (15) employees.

34.    Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as her epilepsy and chronic migraines substantially limited her ability to engage in one or more major life activities for an extended period of time.

35.    Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation.

36.    Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

37.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff because of her actual and/or perceived disabilities and because of her record of disability/impairment.

38.     Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for her request(s) for a reasonable accommodation in connection thereto.

39.     Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage, in good faith, in the interactive process to determine a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

40.     As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of earnings, earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, et seq.
## DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

41.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

42.     Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

43.     As described above, Plaintiff's disabilities substantially limit Plaintiff in one or more major life activities.

44.     Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

45.     Plaintiff requested a reasonable accommodation in connection with her disabilities.

46.     Defendant failed to accommodate Plaintiff's reasonable request for accommodations in connection with her disabilities.

47.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff because of her actual and/or perceived disabilities, her past record of impairment/disability, because it regarded her as being disabled within the meaning of the PHRA, and/or in retaliation for requesting a reasonable accommodation for her disability.

48.     Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the PHRA by failing to engage, in good faith, in the interactive process to determine

7

a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

49.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.     Pre-judgment interest in an appropriate amount; and

D.     Such other and further relief as is just and equitable under the circumstances; and,

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. 2601, *et seq.***
**INTERFERENCE AND RETALIATION**

50.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

51.　　Defendant is a "covered employer" under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of (20) or more calendar weeks in 2025, 2024, and 2023.

52.　　Plaintiff was an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to care for her serious health conditions.

53.　　Plaintiff provided adequate notice to Defendant of her need for leave under the FMLA by giving notice as soon as she became aware of the need and as soon as was practicable.

54.　　Defendant violated the FMLA by terminating Plaintiff for attempting to take FMLA-qualifying leave and/or in retaliation for exercising her rights under the FMLA.

55.　　The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

56.　　As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendant, and grant her the maximum relief allowed by the law, including, but not limited to:

1)　　Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

2)　　Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

3)　　Liquidated damages;

4)　　Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

5)　　Pre-judgment interest in an appropriate amount; and

6)      Such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     /s/ *Johannes Hoffman*
        Johannes Hoffman, Esq.
        Michael Murphy, Esq.
        Eight Penn Center, Suite 1803
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        jhoffman@phillyemploymentlawyer.com
        murphy@phillyemploymentlawyer.com
        Attorneys for Plaintiff

Dated: May 27, 2026

**<u>DEMAND TO PRESERVE EVIDENCE</u>**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.